Filed 8/7/2017 1:11 PM
Melanie Reed
District Clerk
Ellis County, Texas

96662

CAUSE NO. _____

| | | |
|---|---|---|
| **JULIAN MENDEZ and** | § | **IN THE DISTRICT COURT** |
| **RICARDO CISNEROS** | § | |
| | § | |
| **VS.** | § | **ELLIS COUNTY, TEXAS** |
| | § | Ellis County - 443rd District Court |
| | § | |
| **ASH GROVE CEMENT COMPANY** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW JULIAN MENDEZ and RICARDO CISNEROS, Plaintiffs, complaining of ASH GROVE CEMENT COMPANY, Defendant, and for cause of action would respectfully show unto the Court and jury the following:

**1.    RULE 190 DISCOVERY PLAN**

1.1    Damages in this case exceed $50,000 and it is complex. Accordingly, this case is intended to be conducted under Level 3 of Rule 190.

**2.    RULE 47 PLEADING**

2.1    As required by Rule 47, Texas Rules of Civil Procedure, the damages sought are within the jurisdictional limits of the Court and Plaintiffs seek monetary relief over $1,000,000 plus a judgment for all other relief to which Plaintiffs are entitled. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

**3.    PARTIES/SERVICE OF PROCESS**

3.1    Plaintiff JULIAN MENDEZ'S current address is 4971 Redbird Trail, Midlothian, Texas 76065. The last three numbers of his driver's license are 096 and the last three numbers of his social security number are 092.

*PLAINTIFFS' ORIGINAL PETITION*                                                    *Page 1*

3.2 Plaintiff RICARDO CISNEROS'S current address is 726 Briggs Street, Cedar Hill, Texas 75104. He does not have a driver's license and he does not have a social security number.

3.3 Defendant ASH GROVE CEMENT COMPANY may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**4.0   VENUE**

4.1 Venue in Ellis County is proper pursuant to Section 15.002(1) of the Texas Civil Practice and Remedies Code because the injury causing incident occurred in Ellis County.

**5.   FACTS**

5.1 On January 4, 2016, JULIAN MENDEZ and RICARDO CISNEROS were working for Industrial Cleaning and Degreasing at the ASH GROVE CEMENT COMPANY plant located at 900 Gifco Road, Midlothian, Texas using high pressure water equipment to remove material and buildup along the sides of ASH GROVE CEMENT COMPANY'S Dryer Crusher. While they were doing so, a buildup of material from the Dryer Crusher came down and struck JULIAN MENDEZ and RICARDO CISNEROS causing them serious injuries and resulting damages (hereinafter referred to as the "Dryer Crusher Incident").

**6.   CAUSES OF ACTION**

6.1 Defendant ASH GROVE CEMENT COMPANY, by and through the acts of its employees in the course and scope of their employment, failed to report an

*PLAINTIFFS' ORIGINAL PETITION*                                                      *Page 2*

2

observed buildup of material above the access door to the bottom of the Dryer Crusher to management, failed to withdraw Plaintiffs from the area upon observation of the buildup of material above the access door, failed to evaluate the duct work above the Dryer Crusher's inlet and outlet for buildup of material before allowing the Plaintiffs to work in the Dryer Crusher, failed to provide site-specific hazard awareness training to Plaintiffs and Industrial Cleaning and Degreasing, failed to notify Plaintiffs and Industrial Cleaning and Degreasing of the hazard posed by potential buildup of material above the Dryer Crusher in the ducts and failed to exercise ordinary care under the circumstances which constitutes negligence which proximately caused the Dryer Crusher Incident, Plaintiffs' injuries and resulting damages.

6.2    Defendant ASH GROVE CEMENT COMPANY failed to have or enforce adequate policies and procedures requiring reporting an observed buildup of material above the access door to the bottom of the Dryer Crusher to management, failed to have or enforce adequate policies and procedures requiring withdrawing workers from the area upon observation of the buildup of material above the access door, failed to have or enforce adequate policies and procedures to evaluate the duct work above the Dryer Crusher's inlet and outlet for buildup of material before allowing workers in the Dryer Crusher, failed to have or enforce adequate policies and procedures providing site-specific hazard awareness training to Plaintiffs and Industrial Cleaning and Degreasing, failed to have or enforce adequate policies and procedures notifying Plaintiffs and Industrial Cleaning and

*PLAINTIFFS' ORIGINAL PETITION*                                                                  *Page 3*

Degreasing of the hazard posed by potential buildup of material above the Dryer Crusher in the ducts and failed to exercise ordinary care under the circumstances which constitutes negligence which proximately caused the Dryer Crusher Incident, Plaintiffs' injuries and resulting damages.

7.    **DAMAGES**

7.1    As a result of the Dryer Crusher Incident and Defendant's negligence, JULIAN MENDEZ suffered damages in the form of past and future:

A.    Medical expenses;

B.    Pain and mental anguish;

C.    Lost earnings and earning capacity; and

D.    Physical impairment.

7.2    As a result of the Dryer Crusher Incident and Defendant's negligence, RICARDO CISNEROS suffered damages in the form of past and future:

A.    Medical expenses;

B.    Pain and mental anguish;

C.    Lost earnings and earning capacity; and

D.    Physical impairment.

8.    **PREJUDGMENT AND POSTJUDGMENT INTEREST**

8.1    Plaintiffs hereby pray for prejudgment and postjudgment interest in the maximum amount allowed by law on the damages awarded by the jury.

*PLAINTIFFS' ORIGINAL PETITION*                                                                 *Page 4*

4

9.    **JURISDICTION AND MAXIMUM DAMAGES PLED**

    9.1    Plaintiffs' damages exceed the minimum jurisdictional limits of the Court.

10.    **JURY DEMAND**

    10.1    Plaintiffs respectfully request that a jury be convened to try the factual issues of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs JULIAN MENDEZ and RICARDO CISNEROS pray that Defendant ASH GROVE CEMENT COMPANY be cited to appear and answer herein, and that upon final hearing hereof, Plaintiffs receive judgment of and from the Defendant, in the amounts as determined by the Court and Jury, for prejudgment and post-judgment interest at the legal rate, costs of court and for such other and further relief, at law and in equity, to which Plaintiffs may show themselves justly entitled and for which they will ever pray.

Respectfully submitted,

**THE CLEMENT FIRM**
17855 Dallas Parkway, Suite 155
Dallas, Texas 75287
TEL: 972/972-9250
FAX: 972/535-6358
Email: clement@clementfirm.com

By:   */s/ Todd Clement*
       Todd Clement
       State Bar No. 04361525
       Ragan N. Speer
       State Bar No. 24072361

GINSBERG & ASSOCIATES
Jacob Ginsberg
State Bar No. 00787541
4502 W. Lovers Lane
Dallas, Texas 75209
TEL: (214) 369-9871
FAX: (214) 368-4653
Email: Jacob.Ginsberg@Ginsberg-Law.com

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT – A

**Contents:**

1. Plaintiffs 1st Discovery Requests to Defendant

CAUSE NO. _____

| | | |
|---|---|---|
| **JULIAN MENDEZ and** | § | **IN THE DISTRICT COURT** |
| **RICARDO CISNEROS** | § | |
| | § | |
| **VS.** | § | **ELLIS COUNTY, TEXAS** |
| | § | |
| **ASH GROVE CEMENT COMPANY** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' FIRST REQUEST FOR DISCLOSURE, INTERROGATORIES AND REQUEST FOR PRODUCTION

TO:    Defendant ASH GROVE CEMENT COMPANY.

COME NOW Plaintiffs JULIAN MENDEZ and RICARDO CISNEROS and file the following Plaintiffs' First Request for Disclosure, Interrogatories and Request For Production to Defendant ASH GROVE CEMENT COMPANY and Plaintiffs require that answers to the same be filed not later than fifty (50) days after the date of service hereof.

Each item labeled "REQUEST FOR DISCLOSURE" is an inquiry propounded pursuant to Rule 194 and must be fully responded to without objection.

Each item labeled "INTERROGATORY" is an Interrogatory propounded pursuant to the provisions of Rule, 197, Tex.R.Civ.P.

Each item labeled "REQUEST FOR PRODUCTION" is a Request for Production propounded pursuant to the provisions of Rule 196, Tex.R.Civ.P. All items to be produced are to be forwarded to the undersigned attorney for Plaintiff attached to or together with your written response.

## DEFINITIONS

1.    Defendant or you(r) means ASH GROVE CEMENT COMPANY and all representatives acting or purporting to act on his/her behalf with respect to any matter inquired about in these requests including, but not limited to, all employees, attorneys, consultants, agents, adjusters, investigators or any other representatives.

**PLAINTIFFS' FIRST REQUEST FOR DISCLOSURE**
**INTERROGATORIES AND REQUEST FOR PRODUCTION** --                    Page 1

2.  <u>Plaintiffs</u> means JULIAN MENDEZ and RICARDO CISNEROS or any person or entity acting on their behalf.

3.  <u>Dryer Crusher Incident</u> means the Incident which forms the basis of Plaintiffs' Original Petition on file herein

4.  <u>Dryer Crusher</u> means the Dryer Crusher where the Dryer Crusher Incident which forms the basis of Plaintiffs' Original Petition on file herein took place.

5.  <u>Documents</u> means paper and electronic documents or data.

Respectfully submitted,

THE CLEMENT FIRM
17855 Dallas Parkway, Suite 155
Dallas, Texas 75287
TEL: 214/250-9250
FAX: 214/535-6358
Email: clement@clementfirm.com

By:___/s/ Todd Clement_____
    Todd Clement
    State Bar No. 04361525
    Ragan Speer
    State Bar No. 24072361

GINSBERG & ASSOCIATES
Jacob Ginsberg
State Bar No. 00787541
4502 W. Lovers Lane
Dallas, Texas 75209
TEL: (214) 369-9871
FAX: (214) 368-4653
Email: Jacob.Ginsberg@Ginsberg-Law.com

**ATTORNEYS FOR PLAINTIFFS**

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, you are requested to disclose information or material as follows:

1.      Rule 194.2(a): The correct names of the parties to the lawsuit;

2.      Rule 194.2(b): The name, address and telephone number of any potential parties;

3.      Rule 194.2(c): The legal theories and, in general, the factual basis of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

4.      Rule 194.2(e): The name, address and telephone numbers of persons having knowledge of relevant facts and a brief statement of each identified person's connection with the case;

5.      Rule 194.2(f): For any testifying expert:

       (1)      The expert's name, address and telephone number;

       (2)      The subject matter on which the expert will testify;

       (3)      The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

       (4)      if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

             A.      All documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

             B.      The expert's current resume and bibliography.

6.      Rule 194.2(g): Any discoverable indemnity and insuring agreements;

7.      Rule 194.2(h): Any discoverable settlement agreements;

8.      Rule 194.2(i): Any discoverable witness statements;

9.      Rule 194.2(k): In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

10.     Rule 194.2(1): The names, address and telephone number of any person who may be designated as a responsible third party.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Other than yourself, identify all other persons, parties or instrumentalities, who/which you contend may have caused or contributed to the Dryer Crusher Incident in any way. For each such person, party or instrumentality identified, describe in general the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 2:** If you are now claiming or will claim in the future that you are not sued in your proper name or proper capacity, state the correct name or capacity in which you should be sued and your reasons for so claiming.

**ANSWER:**


**INTERROGATORY NO. 3:** If you contend Plaintiffs' damages are the result of any negligent act or omission of anyone other than you, state each and every such contention and describe in general the factual basis for said contention.

**ANSWER:**


**INTERROGATORY NO. 4:** If you have any knowledge, either directly or indirectly, of any relevant admission or statement made by Plaintiffs, please state:

    (a)        The substance of the admission or statement;

    (b)        The identity of the person who allegedly made the admission or statement; and

    (c)        The identity of all persons who heard the admission or statement or who might be in a position to testify concerning the admission or statement.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify by name, address and telephone number any person who is expected to be called to testify at trial as provided by Rule 192.3(d) of the Texas Rules of Civil Procedure.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify every person employed by you by name, job title, last known address, phone number, email address and present employer who was responsible for oversight of Plaintiffs' work activities at the Dryer Crusher and describe the nature of such responsibility.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify every person employed by you by name, job title, last known address, phone number, email address and present employer who was responsible for safety at the Dryer Crusher including anyone directly responsible, the highest plant level safety management person (i.e. Plant Safety Manager) at the ASH GROVE CEMENT COMPANY plant where the Dryer Crusher Incident took place and the highest level company safety management person (i.e. Corporate Safety Manager, VP Safety etc.) with ASH GROVE CEMENT COMPANY on the date the Dryer Crusher Incident took place.

**ANSWER:**

**INTERROGATORY NO. 8:** For the ten years prior to or since the Dryer Crusher Incident, identify any incidents where anyone was injured by being struck by a buildup of material in any

dryer crusher owned or operated by ASH GROVE CEMENT COMPANY by date, location, the name, address and telephone numbers of the injured parties, a description of the event and if a lawsuit was filed, the style, cause number and location where the lawsuit was filed.

**ANSWER**

**INTERROGATORY NO. 9:**  Identify every person employed by you by name, job title, last known address, phone number, email address and present employer who gave Plaintiffs or Industrial Cleaning and Degreasing any warnings or instructions about buildup of material in the Dryer Crusher at any time prior to the Dryer Crusher Incident including any prior dates when similar work was being performed, describe the nature of such warnings or instructions, identify the person to whom such warnings or instructions were given and state the date of such instructions.

**ANSWER:**

**INTERROGATORY NO. 10:**  At the time of the Dryer Crusher Incident, describe ASH GROVE CEMENT COMPANY's policies and procedures, if any:

   a)  Requiring reporting an observed buildup of material above the access door to the bottom of the Dryer Crusher to management;

   b)  Requiring withdrawing workers from the area of the Dryer Crusher upon observation of the buildup of material above the access door;

   c)  Requiring evaluation of the duct work above the Dryer Crusher's inlet and outlet for buildup of material before allowing workers in the Dryer Crusher;

   d)  Providing site-specific hazard awareness training to Plaintiffs and Industrial Cleaning and Degreasing; and

e) Notifying Plaintiffs and Industrial Cleaning and Degreasing of the hazard posed by potential buildup of material above the Dryer Crusher in the ducts.

**ANSWER:**

**INTERROGATORY NO. 11:**  If there were any responsive policies and procedures identified in response to Interrogatory No. 10, for each such policy, identify every person employed by you by name, job title, last known address, phone number, email address and present employer who were responsible for implementing and enforcing such policies and procedures at the site of the Dryer Crusher Incident, the plant itself and company wide.

**ANSWER:**

**INTERROGATORY NO. 12:**  Describe any policies and procedures created or changed as a result of the Dryer Crusher Incident or the Mine Safety and Health Administration violations and for each such policy, identify every person employed by you by name, job title, last known address, phone number, email address and present employer who were responsible for creating or changing the policies and procedures.

**ANSWER:**

## REQUEST FOR PRODUCTION

1.    All non-privileged documents which reflect, depict or discuss any accident or investigative report prepared by any person or entity which relates in any way to the Dryer Crusher Incident.

2.    All photos, films, or videotapes which relate to the Dryer Crusher Incident.

3.    All learned treatises or passages thereof which will be sought to be introduced at the trial of this case or in any deposition.

4.    All medical records of Plaintiffs other than those produced by their attorney.

5.    All employment records of Plaintiffs other than those produced by their attorney.

6.    All contracts or work orders pertaining to the work being performed by Plaintiffs at the time of the Dryer Crusher Incident.

7.    All Documents pertaining to any communication between employees of ASH GROVE implemented as a result of the Dryer Crusher Incident or the Mine Safety and Health Administration investigation of same.

8.    All documents pertaining to the investigation of the Dryer Crusher Incident by the Mine Safety and Health Administration including, but not limited to all correspondence, emails and reports.

9.    All of your documents addressing policies and procedures pertaining to interacting with the Dryer Crusher or the work being performed there at the time of the Dryer Crusher Incident for five years prior to the Dryer Crusher Incident including, but not limited to job safety analysis, job hazard analysis, employee handbooks, employment manuals, safety manuals and instructions to contractors like Industrial Cleaning and Degreasing

10.    All of your documents addressing policies and procedures pertaining to interacting with instructions to contractors like Industrial Cleaning and Degreasing

11. All documents pertaining to any incidents where anyone was injured by being struck by a buildup of material in any dryer crusher owned or operated by ASH GROVE CEMENT COMPANY for the ten years prior to the Dryer Crusher Incident or since the Dryer Crusher Incident.

12. All documents pertaining to any subsequent remedial measures taken as a result of the Dryer Crusher Incident.

13. Copies of all documents regarding safety meetings pertaining to safe interaction with the Dryer Crusher while work like the Plaintiffs were performing was being done prior to the Dryer Crusher Incident.

14. All documents of indemnity or equivalent agreements between you and any entity relating to the Dryer Crusher Incident.

15. All demands for indemnity relating to the Dryer Crusher Incident.

16. All JSA's (Job Safety Analysis) or JHA's (Job Hazard Analysis) pertaining to the interaction with the Dryer Crusher before the Dryer Crusher Incident.

17. All Mine Safety and Health Administration reports pertaining to any injuries at the ASH GROVE CEMENT COMPANY plant where the Dryer Crusher Incident took place for the five years prior to the Dryer Crusher Incident.

18. Documents reflecting all communication with Industrial Cleaning and Degreasing pertaining to the work to be performed by Plaintiffs or work in the Dryer Crusher at any time.

19. All documents not previously requested pertaining to any communication between ASH GROVE CEMENT COMPANY and any other entity pertaining to the Dryer Crusher Incident.

20. All of your policies and procedures originating prior to the Dryer Crusher Incident

requiring reporting an observed buildup of material above the access door to the bottom of the Dryer Crusher to management.

21.    All of your policies and procedures originating since the Dryer Crusher Incident requiring reporting an observed buildup of material above the access door to the bottom of the Dryer Crusher to management.

22.    All of your policies and procedures originating prior to the Dryer Crusher Incident requiring withdrawing workers from the area of the Dryer Crusher upon observation of the buildup of material above the access door.

23.    All of your policies and procedures originating since the Dryer Crusher Incident requiring withdrawing workers from the area of the Dryer Crusher upon observation of the buildup of material above the access door;

24.    All of your policies and procedures originating prior to the Dryer Crusher Incident requiring evaluation of the duct work above the Dryer Crusher's inlet and outlet for buildup of material before allowing workers in the Dryer Crusher.

25.    All of your policies and procedures originating since the Dryer Crusher Incident requiring evaluation of the duct work above the Dryer Crusher's inlet and outlet for buildup of material before allowing workers in the Dryer Crusher.

25.    All of your policies and procedures originating prior to the Dryer Crusher Incident providing site-specific hazard awareness training to Plaintiffs and Industrial Cleaning and Degreasing.

26.    All of your policies and procedures originating since the Dryer Crusher Incident providing site-specific hazard awareness training to employees of Industrial Cleaning and Degreasing.

27.    All of your policies and procedures originating prior to the Dryer Crusher Incident

notifying Plaintiffs and Industrial Cleaning and Degreasing of the hazard posed by potential buildup of material above the Dryer Crusher in the ducts.

28. All of your policies and procedures originating since the Dryer Crusher Incident notifying Industrial Cleaning and Degreasing and its employees of the hazard posed by potential buildup of material above the Dryer Crusher in the ducts.